## BRADFORD v. BRADFORD.

1. **Fraud:** EVIDENCE TO ESTABLISH. In an action to avoid a transaction on the ground of fraud, the fraud must be established by a clear preponderance of the evidence, which was not done in this case.

### *Appeal from Linn Circuit Court.*

### MONDAY, DECEMBER 11.

ACTION in equity to redeem from an execution sale. The defendant was formerly the wife of the plaintiff. She obtained a divorce and a decree for alimony. Under the decree she caused certain real estate, the title to which was in the plaintiff, to be sold on execution, and she became the purchaser. Before the year of redemption expired, she brought an action to obtain the title to the property, irrespective of the execution sale, and upon the alleged ground that she was

the equitable owner of the property at the time of the sale. The execution defendant failed to redeem within the year, and she dissmissed her action. He now avers that the action brought by her to obtain title was fraudulent; that, in order to redeem, he negotiated for a loan of money upon the property as security; that he had no other property upon which he could borrow money; that she brought her action to prevent him from consummating the loan, and thereby to prevent him from redeeming, and that by the action he was prevented from consummating the loan. He avers that he has now tendered the amount necessary to redeem, and prays that he be allowed to redeem, notwithstanding the year has expired.

The defendant for answer denies all fraud; denies that the plaintiff was the owner of the lot, and denies that he was entitled to make redemption, and denies that the plaintiff was prevented by her action from obtaining money with which to make redemption. There was a decree for the defendant. The plaintiff appeals.

*Blake & Hormel*, for appellant.

*Stoneman, Rickle & Eastman*, for appellee.

ADAMS, J.—Mrs. Bradford's decree for alimony was expressly charged as a lien upon the land in question, and the whole proceedings in reference thereto seem to have been based upon the theory that her husband was the owner, equitable as well as legal. It appears to us that she must at that time have so regarded him. But it does not follow that she might not, either then or afterwards, have been mistaken in regard to her rights. If so, she might have commenced her action for title in good faith. At all events, her want of good faith is not made out by that clear preponderance of evidence which is necessary to justify us in holding that her action was fraudulent.

Besides, it does not appear to us that the plaintiff was prevented by her action from redeeming. It is shown clearly

enough perhaps, that he was prevented from effecting a particular loan. But it is not shown that he was dependent upon making that loan. It appears from the evidence that he had nearly half enough money of his own to make the redemption, and it is not shown that he could not have borrowed the balance upon his personal credit.

We think that the decree of the Circuit Court must be

AFFIRMED.